IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-697 |
| | § | C.A. No. C-11-184 |
| FRANCISCO GUTIERREZ-PINEDA, | § | |
| | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, DENYING CERTIFICATE OF
APPEALABILITY AND DENYING CONSTRUED MOTION
TO REDUCE SENTENCE**

Pending before the Court is Movant Francisco Gutierrez-Pineda's ("Gutierrez-Pineda") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with his memorandum of law in support. D.E. 49, 50. The Court previously granted the government's motion to require defense counsel to file an affidavit, which has been filed. D.E. 56. The government filed a Response and Gutierrez-Pineda filed a reply. D.E. 57, 58. After the briefing was complete, the Court held an evidentiary hearing solely on the issue of counsel's alleged failure to file a notice of appeal.

For the reasons discussed herein, Gutierrez-Pineda's motion to vacate (D.E. 49) is DENIED, he is DENIED a certificate of appealability, and his construed motion to reduce sentence is DENIED.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

1

## II.  FACTS AND PROCEEDINGS

**A.     Criminal Offense**

Gutierrez-Pineda was arrested in August 2009 in Brooks County, Texas at the Falfurrias Border Patrol Checkpoint. D.E. 1. He was driving a flat bed truck to which a drug dog alerted. At the time of his stop, Gutierrez-Pineda appeared to be extremely nervous and was fixated on the dog to the extent that he did not respond to the immigration officer's questions. Id. After the dog alerted, agents requested consent to search the truck, which Gutierrez-Pineda gave. Id. Agents found a non-factory compartment under the flat bed of the truck which contained cocaine. Id. Gutierrez-Pineda was advised of his Miranda rights. He provided a statement in which he denied knowledge of the cocaine found in the truck. Agents found a total of 120 bundles with an approximate value of $9,632,000. Id.

**B.     Criminal Proceedings**

The day after his arrest, Gutierrez-Pineda made his initial appearance in federal court. D.E. 2. During that appearance, Gutierrez-Pineda advised the Court that he would retain his own counsel. Id. Retained counsel appeared for Gutierrez-Pineda two days later. D.E. 4. He was detained pending trial. D.E. 7. Gutierrez-Pineda is a legal resident alien of the United States and a citizen of Mexico. D.E. 1, 64 at 5.

Gutierrez-Pineda was indicted on August 26, 2009. D.E. 8. He was charged in a single count indictment with possession with intent to distribute more than 5 kilograms of cocaine, that is approximately 136.81 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). D.E. 8. He was arraigned less than a week later. See Minute Entry September 2, 2009. Pretrial conferences were scheduled but postponed several times at Defendant's request. D.E. 16, 18, 20. On

February 16, 2010, Gutierrez-Pineda entered into a written plea agreement with the government. D.E. 21. In exchange for his guilty plea to the indictment, the government agreed to recommend that Gutierrez-Pineda be given maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guidelines. Id. at ¶ 2. Additionally, the plea agreement included waivers of Gutierrez-Pineda's right to appeal or file a post-conviction motion pursuant to 28 U.S.C. § 2255.[1] Id. at ¶ 7.

At rearraignment, Gutierrez-Pineda was questioned by the Court as to his understanding of the indictment and the charges against him. Gutierrez-Pineda affirmed that his attorney read the indictment and plea agreement to him in Spanish and he understood them both. D.E. 64 at 5-6. Defendant testified that he signed the plea agreement voluntarily and there were no promises to him other than those included in the plea agreement. Id. at 7-8. The Court reviewed the waivers of appeal and post-conviction challenge with Gutierrez-Pineda, who testified that he had discussed the waivers with counsel and was aware of them. He had no questions for the Court about either. Id. Gutierrez-Pineda was advised that he was subject to deportation as a result of his guilty plea. He testified he understood. Id. at 8.

Gutierrez-Pineda was advised that the penalty range was a "minimum mandatory term of 10 years up to life in prison, up to a $4 million fine, at least five years of supervised release, a $100

---

[1] The provision reads as follows,
Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.
Id.

special assessment, and a provision for community restitution up to the amount of any fine imposed by the Court." Id. at 9. The Court reviewed the process of sentencing and the penalties for violation of supervised release. Id. at 9-11. The Court also advised Gutierrez-Pineda of his trial rights. Id. at 11-12. After advising Gutierrez-Pineda of the elements of the crime, the government's attorney related the facts the government expected to be able to prove. Id. at 12-16. Gutierrez-Pineda agreed with the government's factual recitation and pled guilty. Id. at 16. The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 22.

The PSR calculated Gutierrez-Pineda's base offense level to be 36 based upon the drug quantity of 120.6 kilograms of cocaine. D.E. 24 at ¶ 13. He received 3 points credit for acceptance of responsibility for a total offense level of 33. Id. at ¶ 22. Although Gutierrez-Pineda had several prior convictions, none were scored. Id. at ¶¶ 24-28. The guideline sentencing range was 135-166 months with a statutory minimum sentence of 120 months. Id. at ¶¶ 46-47. Counsel filed objections to the PSR. D.E. 23. The objections included a request for minor role and safety valve pursuant to U.S.S.G. § 5C1.2.

Sentencing was held in May 2010. The Court granted safety valve, but denied minor role. D.E. 65 at 5-10. The grant of safety valve adjusted the guideline range to 108-135 months and allowed the Court to sentence Gutierrez-Pineda below the statutory minimum sentence of 120 months. Id. at 10. The Court sentenced Gutierrez-Pineda to 108 months imprisonment, 4 years supervised release, no fine, and imposed a special assessment of $100. Id. at 14-15. The Court reminded Gutierrez-Pineda of his waiver of appeal, which Defendant acknowledged. Id. at 15. Judgment was entered on the docket on June 2, 2010.

On November 19, 2010, more than 4 months after sentencing, Gutierrez-Pineda filed a notice of appeal to the Fifth Circuit Court of Appeals. D.E. 31. The Fifth Circuit dismissed his appeal for untimeliness on May 10, 2011. D.E. 53.

Gutierrez-Pineda filed his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 on May 31, 2011. D.E. 49. It is timely.

### III.  MOVANT'S ALLEGATIONS

Gutierrez-Pineda raises several claims of ineffective assistance of counsel. First he claims that counsel was ineffective because he failed to 1) conduct a thorough investigation, to question witnesses who would have exonerated him or revealed a factual basis for a minimal offense of illegal reentry, 2) file a notice of appeal at his request, 3) make motions for Brady material and for a speedy trial, and 4) argue the 3553(a) factors at sentencing. Additionally he claims that counsel engaged in illegal, unethical or dishonest conduct to induce Gutierrez-Pineda into a plea agreement by making him believe he would receive a 60 month sentence. D.E. 49 at 3-4.The Court held an evidentiary hearing on January 19, 2012, on Gutierrez-Pineda's claim that counsel failed to file a notice of appeal after he was requested to do so. D.E. 60.

Gutierrez-Pineda also claims that this Court failed to properly advise him of his constitutional and Rule 11 rights. He claims that there is an insufficient factual basis for his plea,that his waivers are invalid, that he was not informed of the full range of punishment, and that his resulting plea is involuntary because of these deficiencies. Id. at 5.

In Ground Four, Gutierrez-Pineda claims that the evidence was insufficient to sustain his conviction and there was no evidence that proves his intent to knowingly participate in any conspiracy.

5

Ground Five asserts that the indictment is defective because it fails to give fair notice as to the type and amount of drugs and as to the penalty he faces. Id. at p. 7.

Ground Six argues for a sentence reduction because of a recent amendment to the sentencing guidelines that allows courts to consider cultural assimilation. Id. at 8.

Ground Seven argues that the Court improperly denied Gutierrez-Pineda a role adjustment because the Court applied the wrong standards. Id. at 9.

Ground Eight claims that because Gutierrez-Pineda is an alien he is entitled to a downward departure. Id. at 11. In Ground Nine, he argues that his sentence is unreasonable. Id. at 12.

Although the government acknowledged the need for an evidentiary hearing, it urged the Court to enforce Gutierrez-Pineda's waiver of his right to file the motion to vacate, set aside or correct sentence.

## IV.  ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.   Standard for Ineffectiveness of Counsel**

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The prejudice standard differs for a claim that counsel failed to consult with a defendant about filing an appeal and also failed to file a notice of appeal as directed. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. See Roe, Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000); cf. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007); see also United

---

[2] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

7

States v. Harger, 354 Fed. Appx. 151at \*1 (5th Cir. Nov. 19, 2009) (designated unpublished) (reversing and remanding for evidentiary hearing on this issue).

In cases "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478. "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. The Roe court held,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Id. Thus, depending on the circumstance, counsel may be required to consult with a defendant about his appeal rights and may be deficient for his failure to do so, even if the defendant did not request he file a notice of appeal.

### C.     Evidentiary hearing on Claim Counsel Failed to File a Notice of Appeal

Gutierrez-Pineda testified that he did not personally prepare his § 2255 motion, but had help from another inmate. He reads only a little English. His motion references the crimes of Illegal Reentry and conspiracy, but does not mention possession with intent to distribute cocaine, the crime to which he pled guilty.

Gutierrez-Pineda testified that after sentencing, he was taken to a holding cell. His attorney visited with him there and gave him an estimate of the time Gutierrez-Pineda would likely serve.

According to Gutierrez-Pineda, they did not discuss a possible appeal. Gutierrez-Pineda admitted that he did not ask counsel to file a notice of appeal during the conversation with counsel after sentencing. He claims he did not know what an appeal was.

Defense counsel testified that he has been an attorney for 30 years concentrating in criminal law. His office is in Houston. He practices in both state and federal court in the Western and Southern Districts of Texas. He specifically recalled Gutierrez-Pineda because of the large quantity of drugs.

On the day of sentencing, he discussed the Court's denial of minor role, told Gutierrez-Pineda about his appeal rights and advised him that he was unlikely to get relief on appeal. Counsel also explained the time period to appeal and reminded Gutierrez-Pineda of his appeal waiver. At the hearing, counsel expressed his concern at the time of sentencing that Gutierrez-Pineda would be sentenced based upon the use of a special skill, his CDL drivers licence. He considered that a significant sentencing risk. Counsel also testified that before rearraignment, he went over the plea agreement with Gutierrez-Pineda and explained the waivers at that time. After sentencing, counsel saw Gutierrez-Pineda two more times. Counsel believed that Gutierrez-Pineda understood the proceedings. At no time did Gutierrez-Pineda ever ask him to file a notice of appeal.

Gutierrez-Pineda was recalled to the witness stand after counsel testified. He testified that counsel visited him several months after sentencing. He denied that they discussed anything related to an appeal.

There is no factual dispute as to whether Gutierrez-Pineda requested counsel file a notice of appeal–both counsel and defendant agree that no such request was made. The only remaining factual dispute is whether counsel consulted with Gutierrez-Pineda regarding an appeal. Counsel testified that he did. Gutierrez-Pineda testified that counsel did not. During the hearing, this Court found

9

counsel's testimony that he discussed Gutierrez-Pineda's appeal rights and the merits of a prospective appeal with Gutierrez-Pineda to be credible. The Court orally denied the claims that counsel failed to file a notice of appeal after being asked to do so. See Minute Entry January 19, 2012.

### D.  Waiver of Right to File Motion Pursuant to 28 U.S.C. § 2255

Before addressing Gutierrez-Pineda's remaining claims, the Court must determine whether he validly waived his right to file them. Claims of ineffective assistance do not automatically relieve a defendant of his waivers. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted).

Gutierrez-Pineda also claims that his plea was involuntary because this Court failed to comply with its Rule 11 obligations. Rule 11 of the Federal Rules of Criminal Procedure lists the subjects that a district court is required to cover directly with a defendant before the court accepts a guilty plea. Fed. R. Crim. P. 11(b)(1)(A)-(N). Failure to strictly comply with the required admonition is not necessarily grounds for resentencing. Fed. R. Crim. P. 11(h) (harmless error applies).

Gutierrez-Pineda does not specify which provisions of Rule 11 that he claims this Court omitted. His claim that his plea was unknowing and involuntary is similarly lacking in factual background. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise

a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); see also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim."). Gutierrez-Pineda has forfeited these grounds by his failure to identify the facts on which this allegation relies.

The record of Gutierrez-Pineda's rearraignment confirms that he understood the charges against him, understood that his maximum sentence was life imprisonment, and he understood that he was waiving his right to appeal his sentence or to file a post-conviction motion to vacate. D.E. 64 at 8.[3] When given an opportunity to ask questions, Gutierrez-Pineda declined. Id. at 8, 11.

In ground Two, Gutierrez-Pineda claims that his attorney promised him a 60 month sentence. Even if counsel did so, which counsel denies,[4] the federal Magistrate Judge who arraigned him advised him of the statutory minimum sentence of 10 years up to a maximum of lifetime

---

[3] The questioning was as follows,
4 THE COURT: Your agreement in Paragraph 7
5 contains a Waiver of Right to Appeal. Were you aware
6 that the agreement contained a Waiver of Right to Appeal
7 before you signed the agreement?
8 DEFENDANT GUTIERREZ-PINEDA: Yes, sir.
9 THE COURT: Were you aware that you not only
10 waived the right to directly appeal your sentence and
11 conviction, but to also collaterally attack it under 28
12 United States Code, Section 2255? Were you aware of
13 that?
14 DEFENDANT GUTIERREZ-PINEDA: Yes, sir.
15 THE COURT: Did you discuss this waiver with
16 your lawyer before you signed the agreement?
17 DEFENDANT GUTIERREZ-PINEDA: Yes, sir.
18 THE COURT: Do you have any questions that you
19 would like to ask me about the waiver and how it may
20 affect your rights in this case?
21 DEFENDANT GUTIERREZ-PINEDA: No, sir.
Id.

[4] Counsel's Affidavit denies that he led Gutierrez-Pineda to expect a 60 month sentence and instead asserts that he explained the range of sentencing. D.E. 56 at ¶ 6. The Court need not resolve this dispute.

11

imprisonment. ERO 09/02/2009 at 9:19:25/9:20:10. The plea agreement also notified Gutierrez-Pineda of the range of punishment,

> The defendant is ware that the sentence will be determined with reference of the *United States Sentencing Commission's Guidelines Manual* (U.S.S.G.). Defendant acknowledges and agrees that the Court may impose any sentence of not less than 10 years imprisonment, or more than life imprisonment, which is the maximum term provided for a violation of 21 U./S.C. § 841, and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a)(1) and (2), and § 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

D.E. 21 at ¶ 6. The agreement further specifies that "any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise and is not binding on the United States, the Probation Office or the Court." Id. at ¶ 8. At rearraignment, the Court reviewed the sentencing range with Gutierrez-Pineda who testified he understood the punishment range. D.E. 64 at 9. Gutierrez-Pineda was informed of the applicable minimum and maximum punishments three separate times. His claim that he was not is contradicted by the record.

Gutierrez-Pineda's sworn statements made in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In short, Gutierrez-Pineda cannot overcome his testimony at rearraignment that, he understood the charges against him, understood the terms of his plea agreement, understood the sentencing range, and he understood that he was giving up his right to challenge his conviction and sentence by appeal or by post-conviction motion to vacate. The Court finds that his plea agreement and his waiver of

§ 2255 rights contained therein are valid and enforceable. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Gutierrez-Pineda's remaining claims, with one exception, fall within the scope of his waiver and are thus barred from consideration.

**E.      Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

Gutierrez-Pineda appears to claim he is entitled to a sentence reduction based upon a post-sentencing change to the sentencing guidelines. D.E. 49 at 8. Such a claim is not cognizable in a § 2255 proceeding. See 28 U.S.C. § 2255(a) (listing grounds). The Court construes the motion to be one pursuant to 18 U.S.C. § 3582(c)(2).

Gutierrez-Pineda's motion refers to a defendant Oscar Pena[5] and to his sentence for Illegal Reentry. These facts do not relate to the case before this Court and the motion appears to have been copied from some other defendant's motion without change. Because the facts asserted do not apply to Gutierrez-Pineda, the Court does not address the merits of the argument, but denies the construed motion as waived.

---

[5]  The argument includes in its Supporting Facts, "The defendant Oscar Pena, has resided in the United States of America for 30 years. He has raised a family in the United States. He has no family left in Mexico, so when he be deported, he will not have a choice but to return to this family her [sic] in the United States." Id.

## V. CERTIFICATE OF APPEALABILILTY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez-Pineda has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gutierrez-Pineda is not entitled to a COA on any of his claims. That is, reasonable jurists would not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### VI.  CONCLUSION

For the foregoing reasons, Gutierrez-Pineda's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.49) is DENIED. He is also denied a Certificate of Appealability. His construed motion to reduce sentence is DENIED.

It is so **ORDERED.**

**SIGNED** on this 6th day of February, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

15