IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-09-697 |
| | § | (C.A. No. C-14-50) |
| FRANCISCO GUTIERREZ-PINEDA, | § § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Francisco Gutierrez-Pineda's ("Gutierrez-Pineda") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 85).

### I. BACKGROUND

Gutierrez-Pineda pled guilty to possession with intent to distribute approximately 136.81 grams of cocaine, pursuant to a plea agreement with the Government. He was sentenced to 108 months imprisonment, 4 years supervised release, and a special assessment of $100. D.E. 29. As part of his plea agreement, Gutierrez-Pineda waived his right to appeal and waived his right to file a motion pursuant to 28 U.S.C. § 2255. D.E. 21, ¶ 7. Nevertheless, Gutierrez-Pineda filed an appeal. The Fifth Circuit later dismissed the appeal as frivolous. D.E. 52.

Gutierrez-Pineda then filed a § 2255 motion in May 2011. The Government responded and an evidentiary hearing was held, but ultimately the motion was denied. D.E. 67, 68. Gutierrez-Pineda appealed the denial of his § 2255 motion but later dismissed the appeal. D.E. 84.

Gutierrez-Pineda filed his present motion to vacate pursuant to § 2255 nearly four years after he was sentenced.

## II. DISCUSSION

A. **Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. The claims Gutierrez-Pineda raises relate to events that occurred during his original criminal proceedings and overlap with claims he brought in his original § 2255 motion.

Notably, where a claim is second or successive, the movant is required to seek, and acquire,

the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gutierrez-Pineda's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

The claims raised in Gutierrez-Pineda's § 2255 motion are second or successive and are DISMISSED. Orozco-Ramirez, 211 F.3d at 869 (district court properly dismissed second or successive claim).

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez-Pineda has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

3

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gutierrez-Pineda is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### III. CONCLUSION

For the foregoing reasons, Gutierrez-Pineda's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 85) is **DENIED**. Additionally, Gutierrez-Pineda is **DENIED** a Certificate of Appealability.

**It is so ORDERED.**

SIGNED on this 19th day of March, 2014.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE